# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ALAN COOPER, individually and )
on behalf of all others similarly )
situated, )
                                     )
           Plaintiffs, )
                                     )
v. ) Case No. CIV-16-473-D
                                     )
COIL CHEM, LLC, )
                                     )
           Defendant. )

## ORDER

Before the Court is Defendant's Motion to Dismiss [Doc. No. 14], to which Plaintiff has filed his response in opposition [Doc. No. 15]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff brings this claim on behalf of himself and a putative class[1] to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA" or "the Act") and the New Mexico Minimum Wage Act, N.M. STAT. ANN. § 50-4-1 *et seq.* ("NMMWA"). The

---

[1] The putative class is defined as "ALL INDIVIDUALS EMPLOYED BY COIL CHEM, LLC IN THE PAST 3 YEARS WHO WERE PAID A SALARY AND A JOB BONUS." Amend. Compl., ¶ 12 [Doc. No. 13].

following facts are taken from the Complaint and are viewed in the light most favorable to Plaintiff.[2]

Plaintiff and his coworkers were employed by Defendant in New Mexico,[3] performing manual labor job duties surrounding the operation of fluid processing equipment for oil and gas service companies. According to the Complaint, Defendant required Plaintiff and his coworkers to work substantial overtime without compensation; specifically, Defendant required Plaintiff and the other workers to work at least 12 hours a day for 7 days a week, resulting in work weeks consisting of 84 hours or more. Defendant paid Plaintiff and his co-workers a salary and job bonus regardless of the number of hours worked. Plaintiff contends he and his coworkers never received overtime pay for work performed in excess of 40 hours in a week.

Defendant contends the Complaint fails to state a claim upon which relief can be granted in that (1) Plaintiff has failed to articulate any particular period in which he was entitled to overtime but did not receive it, (2) the NMMWA is

---

[2] At the motion to dismiss stage, the Court must construe all well-pleaded factual allegations in the light most favorable to Plaintiff and asks only if such facts state a plausible claim for relief. *Ute Indian Tribe of the Uintah v. Myton*, 835 F.3d 1255, 1261 (10th Cir. 2016).

[3] In addition to New Mexico, Plaintiff was employed by Defendant in Oklahoma, North Dakota, and Texas. Amend. Compl., ¶ 11.

inapplicable to the present case; and (3) Plaintiff fails to satisfy the prerequisites for a class action.[4]

## STANDARD OF DECISION

A complaint will survive a Rule 12(b)(6) motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. That the Court accepts them as true, however, does not mean the allegations in a complaint are in fact true; a plaintiff is not required to prove his case at the pleading stage. *Glover v. Mabrey*, 384 F. App'x. 763, 772 (10th Cir. 2010) (unpublished). Rather, the complaint must allege facts which "give the court reason to believe that *this* plaintiff has a reasonable likelihood of

---

[4] FLSA claims brought on behalf of a group of those similarly situated are referred to as "collective action" claims. *Castaneda v. JBS USA, LLC*, 819 F.3d 1237, 1245 (10th Cir. 2016). Courts, however, use "collective action" and "class action" interchangeably when referring to such claims. *See Int'l Bancshares Corp. v. Lopez*, 57 F.Supp.3d 784, 786 n. 1 (S.D. Tex. 2014) (citing *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 916 (5th Cir. 2008)); *see also Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (10th Cir. 2001) ("[T]his is not a true Rule 23 class action ... Many courts and commentators, however, have used the vernacular of the Rule 23 class action for simplification and ease of understanding when discussing representative cases brought pursuant to [§216(b)] of the FLSA.") (citation omitted). The Court will do the same.

mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

Therefore, even in this post-*Twombly* and *Iqbal* era, in reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court neither assesses the legal feasibility of the complaint nor does it weigh the evidence which might be offered at trial. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) ("[O]n a motion to dismiss for failure to state a claim, the question below [is] 'not whether [Plaintiff] will ultimately prevail' on his ... claim ... but whether his complaint [is] sufficient to cross the federal court's threshold [.]") (citation omitted). The granting of a motion to dismiss remains "a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting *Duran v. Carris*, 238 F.3d 1268, 1270 (10th Cir. 2001) (internal quotation marks omitted)). As a consequence, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## DISCUSSION

**I.      The FLSA**

The FLSA requires overtime pay of one and a half times an employee's hourly wage for every hour worked over 40 hours in a week. 29 U.S.C. §207(a)(1).

4

To prove a claim for violation of the FLSA's overtime pay requirements, Plaintiff must allege: (1) that Defendant is an "employer" as defined by the Act; (2) that Plaintiff is an "employee" as defined by the Act; (3) that Defendant employed Plaintiff's services; (4) for more than 40 hours in a single work week; and (5) that Plaintiff did not receive compensation at a rate of 1.5 times his normal hourly rate for the hours he worked over 40 in that week. 29 U.S.C. § 207(a)(1); *Figueroa v. District of Columbia Metropolitan Police Dep't*, 633 F.3d 1129, 1134-35 (D.C. Cir. 2011) ("[A]n employee has carried out his burden [in an FLSA action] if he proves that he has in fact performed work for which he was improperly compensated.") (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (paraphrasing in original)). Under the FLSA, an aggrieved employee can bring a claim against an employer on behalf of himself "and other employees similarly situated." 29 U.S.C. § 216(b). To become a party, an employee must opt in by giving his consent in writing. *Id.*; *see also Castaneda*, 819 F.3d at 1245 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 173 (1989)).

Post-*Twombly* and *Iqbal*, the Tenth Circuit has not addressed the degree of specificity required to state a claim for failure to pay overtime wages under the FLSA. However, courts within this circuit disagree with Defendant's contention that Plaintiff is required to quantify, at this stage of the proceedings, the number of hours for which he and his co-workers were not paid. For example, in *Solis v. El*

*Tequila*, *LLC*, No. 12-CV-588, 2013 WL 3771413 (N.D. Okla. July 17, 2013), the Court was confronted with a complaint that alleged: (1) the defendants' employees routinely worked six to seven days per week, making their salary less than the minimum wage in violation of the FLSA; (2) the defendants' conduct violated the FLSA because the employees routinely worked more than 40 hours per week without being paid overtime; and (3) the defendants did not require employees to keep track of their hours and that defendants did not keep records of the hours worked by their employees, in violation of the FLSA. The defendants moved to dismiss the complaint under Rule 12(b)(6) for failure to state a claim. After reciting the "modified" standard of review governing Rule 12(b)(6) motions to dismiss announced in *Twombly*, *Iqbal*, and their progeny, the district court stated:

> The Court finds that plaintiff has sufficiently pled his FLSA claims under the *Twombly/Iqbal* standard. Determining whether a complaint has sufficiently stated a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." ... Here, the claims at issue – minimum wage, overtime, and record-keeping violations – are straightforward and capable of being described without reference to a large body of facts.

*Id.* at *2. Similarly, in *In re Bank of America Wage and Hour Employment Litig.*, No. 10-MD-2138, 2010 WL 4180567 (D. Kan. 2010), the defendant moved to dismiss the plaintiffs' FLSA action under *Twombly* and *Iqbal* on the grounds that, *inter alia*, the complaint fatally omitted facts showing the named plaintiffs' respective hourly rates of pay; "when, how often, how much and/or at whose

6

direction" each named plaintiff allegedly worked without receiving compensation; and "when, how often, how much and/or at whose direction" each named plaintiff allegedly worked and had the recorded hours eliminated or not properly recorded. *Id*. at *3. The district court, in reviewing the complaint and collecting cases from other jurisdictions, found that "numerous courts continue to find that dismissal of FLSA claims is not appropriate when the complaint alleges only that non-exempt employees regularly worked more than 40 hours per workweek and that they were not paid time-and-a-half for those overtime hours." *Id*. at *5 (citing cases).

The Court, likewise, finds that Plaintiff has satisfied the minimum pleading standard to state a claim for overtime pay under the FLSA. The Amended Complaint adequately alleges that (1) Defendant is an "employer" under the Act; (2) Plaintiff is an "employee" under the Act; (3) Defendant employed Plaintiff's services; (4) for more than 40 hours in a single work week; and (5) Plaintiff did not receive compensation at a rate of 1.5 times his normal hourly rate for the hours he worked over 40 in that week. *See* Amend. Compl., at 1, 3-6.

The Court is aware that district courts which have considered this question are split; yet "[a]lthough the circuit courts are in harmony on what is not required by *Twombly* and *Iqbal*, there is no consensus on what facts must be affirmatively pled to state a viable FLSA claim post-*Twombly* and *Iqbal*." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 642 (9th Cir. 2014). Nonetheless, given the

7

persuasive authority from decisions in this circuit, as well as the Supreme Court's continued admonishment that, even in light of *Twombly* and *Iqbal*, "[s]pecific facts are not necessary; the [complaint] need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests,'" *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Twombly*, 550 U.S. at 555), the Court finds Plaintiff has stated a plausible claim for relief under the FLSA. Defendant's motion on this issue is denied.

## II. The NMMWA

Defendant next contends that Oklahoma law should apply to this case since Defendant's headquarters are located in Oklahoma and Plaintiff performed work in Oklahoma during his employment. Mot. at 13. At this stage of the litigation, it would be premature to issue a ruling on this issue, because doing so would require what applicable precedent prohibits, which is to weigh the evidence. Moreover, at this stage of the litigation, the record lacks the necessary factual development for such an analysis. *See Jones v. Lattimer*, 29 F.Supp.3d 5, 10 n. 3 (D.D.C. 2014) (finding choice of law analysis was premature on motion to dismiss and "better suited" for resolution at summary judgment stage after record had been developed); *Clark Material Handling, Inc. v. Toyota Material Handling, U.S.A., Inc.*, No. 3:12–CV–510, 2012 WL 6107682, at *1 (W.D.N.C. Dec. 10, 2012) (declining to engage in choice of law analysis at motion to dismiss stage in order to

8

fully develop factual record); *Speedmark Transp., Inc. v. Mui*, 778 F.Supp.2d 439, 444 (S.D.N.Y. 2011) (finding choice of law determination is "premature on … motion to dismiss, since the record" lacked necessary development for the fact-specific analysis) (collecting cases); *Arlandson v. Hartz Mountain Corp.*, 792 F.Supp.2d 691, 699-700 (D.N.J. 2011) ("Due to the factual inquiry that may be necessary to properly weigh the [choice of law] Restatement factors, it can be inappropriate or impossible for a court to conduct that analysis at the motion to dismiss stage[.]") (internal quotation marks and citations omitted). Defendant's motion on this issue is therefore denied.

### III. Collective Action Allegations

Lastly, Defendant moves to dismiss Plaintiff's class allegations. As stated above, the FLSA permits an employee to bring an action for unpaid minimum or overtime wages "for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). It further states that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*. As a result, certification under the FLSA requires: (1) that the class be "similarly situated," and (2) that the plaintiffs "opt in" by filing with the court their consent to suit.

Courts generally address the "similarly situated" inquiry in a two-step process. First, the court makes an initial "notice stage" determination whether plaintiffs are "similarly situated" which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001). Under the second step initiated at the close of discovery, the court utilizes a stricter standard of "similarly situated" which requires evaluation of several factors, including (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Id.* at 1102-03.

However, a defendant is not precluded from bringing a preemptive motion to deny class certification. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939 (9th Cir. 2009).[5] "Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery." *Sanders v. Apple Inc.*, 672 F.Supp.2d 978, 990 (N.D. Cal. 2009) (citation omitted); *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 674 (D. Kan. 2004) ("Federal courts have used motions to strike to test the viability of a class at the earliest pleading stage of the litigation.") (citations

---

[5] On this issue, the Court finds no meaningful distinction between class actions brought under Rule 23 and collective actions brought pursuant to § 216(b).

omitted); *see also Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim.").

Even in light of this discretion, federal courts have nonetheless viewed motions to strike or dismiss collective action allegations at the pleading stage with disfavor. They consider such motions an extreme remedy in that they seek to preemptively terminate the class aspects solely on the basis of what is alleged in the complaint, and before the plaintiff has had any meaningful chance to conduct discovery. *See, e.g., Lang v. DirecTV, Inc.*, 735 F.Supp.2d 421, 435 (E.D. La. 2010) (Denying motion to dismiss FLSA collective action allegations as premature "because plaintiffs have not moved for certification and had no opportunity to develop a record.").

Courts in this circuit and elsewhere, however, simply address whether the complaint has stated a plausible entitlement to relief under Rule 12(b)(6). These courts refuse to conduct a full inquiry into such allegations at the pleading stage; rather, they simply evaluate the complaint to determine whether such claims create a plausible entitlement to relief by the putative class members to survive a motion to dismiss. *See Smith v. Pizza Hut, Inc.*, No. 09-cv-01632, 2011 WL 2791331, at *5 (D. Colo. July 14, 2011) ("To state an FLSA collective action claim, a

complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff."); *Cavallaro v. UMass Mem. Health Care, Inc.*, 971 F.Supp.2d 139, 152 (D. Mass. 2013) ("Courts generally will not conduct a full inquiry into collective action allegations at this stage, but collective action claims must nonetheless create a plausible entitlement to relief by putative class members to survive a motion to dismiss.") (citation omitted); *Flores v. Act Event Services, Inc.*, 55 F.Supp.3d 928, 934 (N.D. Tex. 2014) (holding that in order to withstand a motion to dismiss collective action claims under the FLSA, plaintiffs must give the defendant "fair notice" of the putative class) (citations omitted).

In the Court's view here, the dispositive issue at this juncture is whether Plaintiff's current class definition is adequate or sufficiently defined, and whether it is overbroad. In order to be considered for certification, a proposed class must meet certain threshold requirements that a defined or identifiable class exists, *Pueblo of Zuni v. United States*, 423 F.R.D. 436, 443 (D.N.M. 2007), for a class cannot be certified where its definition is so indefinite as to prevent a court from eventually determining whether each putative class action participant is a proper member. *See Agne v. Papa John's Int'l, Inc.*, 286 F.R.D. 559, 566 (W.D. Wash. 2012) ("A class definition should be 'precise, objective and presently ascertainable.' ... While the identity of each class member need not be known at

the time of certification, the class definition must be 'definite enough so that it is administratively feasible for the court to ascertain whether an individual is a member.'") (citation omitted). Although the FLSA does not define the term "similarly situated," plaintiffs may survive a motion to dismiss if they at least provide substantial allegations to demonstrate that they and potential plaintiffs were victims of a common policy or plan that violated the law. *Thiessen*, 267 F.3d at 1102.

Even applying this lenient standard, Plaintiff's proposed class, presented as "ALL INDIVIDUALS EMPLOYED BY COIL CHEM, LLC IN THE PAST 3 YEARS WHO WERE PAID A SALARY AND A JOB BONUS," Amend. Compl., ¶ 12 [Doc. No. 13], is overbroad and unworkable. The class definition includes virtually every employee who worked for Defendant within the referenced time period, irrespective as to whether they qualified for overtime pay or not. Although the class could be narrowed, Plaintiff has set forth no objective criteria from which to do so. Individual investigations would be necessary, and given the proposed time frame in Plaintiff's definition, such task would be so daunting as to make the class definition insufficient. The problems with ascertaining membership, given Plaintiff's overly broad definition, militate against a finding that collective action treatment is appropriate at this time.

Nonetheless, the Court is not convinced Plaintiff is or will be unable to establish facts that would make collective action treatment appropriate; therefore, he is granted leave to amend his class allegations. Accordingly, although Defendant's motion is granted on this issue, Plaintiff is granted leave to amend his pleading.

## CONCLUSION

Defendant's Motion to Dismiss [Doc. No. 14] is **GRANTED IN PART** and **DENIED IN PART** as set forth herein. Plaintiff shall file an amended pleading within **twenty-one (21) days** of this Order or seek an extension of time in which to do so.

**IT IS SO ORDERED** this 8th day of December, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE