# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALAN COOPER, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. CIV-16-473-D ) |
| COIL CHEM, LLC, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Expedited Motion to Proceed With Discovery [Doc. No. 25]. Plaintiff has also moved to expedite consideration of its motion [Doc. No. 26]. Defendant has filed its responses in opposition [Doc. Nos. 27, 28]. The matter is fully briefed and at issue.

Plaintiff, individually and on behalf of all others similarly situated, brings this collective action against Defendant, alleging Defendant failed to adequately compensate them in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq*. Plaintiff seeks to recover unpaid overtime wages and other damages under the FLSA and the New Mexico Minimum Wage Act, N.M. STAT. ANN. §§ 50-4-1 *et seq*. On December 8, 2016, the Court granted in part Defendant's motion to dismiss and held Plaintiff's proposed class definition was overbroad and

unworkable. Plaintiff filed an amended complaint on December 29, 2016, and Defendant answered on January 17, 2017.

Plaintiff's motion states discovery has been unfairly delayed by Defendant's motion to dismiss, as well as the parties' inability to promptly schedule their discovery conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure. Plaintiff contends that immediate discovery is warranted because the FLSA's statute of limitations is not tolled upon the commencement of an action or an order granting conditional certification, but continues to run on each individual's claim until they file written consent to join the action. According to Plaintiff, as each day goes by, potential class members who have not received notice of this action and submitted their written consent to join lose a portion of their claims.

The Court has broad discretion over the control of discovery. *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). Under the circumstances presented here, the Court finds that expedited discovery is unwarranted. The Court is mindful of Plaintiff's desire to preserve certain claims and that key information may lie within Defendant's custody and control. However, the Court also has the discretion to equitably toll the statute of limitations to prevent the injustice Plaintiff cites. "Equitable tolling is a doctrine that permits courts to extend statutes of limitations on a case-by-case basis in order

to prevent inequity." *Stransky v. HealthONE of Denver, Inc.*, 868 F. Supp. 2d 1178, 1181 (D. Colo. 2012) (citing *Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998)). "Th[e] equitable tolling doctrine is read into every federal statute, including the FLSA." *Id.* (citing *U.S. v. $57,960.00 in U.S. Currency*, 58 F. Supp. 2d 660, 664 (D.S.C. 1999)). "Moreover, the decision to invoke equitable tolling in a particular case lies exclusively within the sound discretion of the trial court." *Id.* (citing *Truitt*, 148 F.3d at 648).

As the court in *Stransky* noted, courts have equitably tolled the statute of limitations in FLSA collective actions when doing so would be in the best interests of justice. *Id.* (collecting cases). It also noted that "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)). In the Court's view, "allowing Opt-in Plaintiffs' claims to diminish or expire due to circumstances beyond their direct control would be particularly unjust" and equitable tolling would be warranted. *Id.* at 1181-82. Moreover, in light of the fact that Defendant had full knowledge this suit was brought as a collective action and was fully aware of its scope of potential liability, Defendant would not be prejudiced by such equitable tolling. *Id.* at 1182.

Thus, having considered the particular facts of this case, the Court finds that the interests of justice are best served by tolling the statute of limitations for the opt-in plaintiffs in this case. The statute of limitations will be equitably tolled from January 24, 2017, the date Plaintiff served its first set of discovery requests to Defendant. *Compare Stransky*, 868 F. Supp. 2d at 1182 (equitably tolling statute of limitations from the date plaintiffs first requested an order requiring defendant to provide the names and last known addresses of all individuals in the class, as well as an order allowing notice of lawsuit to all putative members who had not joined the action).

Accordingly, Plaintiff's Expedited Motion to Proceed With Discovery [Doc. No. 25] is **DENIED**. Plaintiff's Ex Parte Motion to Expedite Motion to Proceed With Discovery [Doc. No. 26] is **DENIED** as moot. The FLSA statute of limitations for the opt-in plaintiffs in this case, if any, will be equitably tolled from January 24, 2017.

**IT IS SO ORDERED** this 27th day of February, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE