# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALAN COOPER, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-473-D |
| COIL CHEM, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Conditional Certification [Doc. No. 34]. Defendant has filed its response in opposition [Doc. No. 42], to which Plaintiff has replied [Doc. No. 48]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff brings this collective action on behalf of himself and a putative class to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA" or "the Act") and the New Mexico Minimum Wage Act, N.M. STAT. ANN. §§ 50-4-1 *et seq.* ("NMMWA"). Defendant provides various chemical and delivery systems in support of oil and gas operations. As part of its business, Defendant employs field operators, whose main job duties involve preparing tools for deployment in the field, mixing chemicals and ensuring the placement of equipment in accordance with Defendant and its clients' specifications.

Plaintiff alleges Defendant required Plaintiff and his co-workers to work substantial overtime without compensation. Defendant denies any wrongdoing. Based on the allegations of the Second Amended Complaint, his Motion and supporting declarations, Plaintiff seeks certification of a collective action that consists of:

> All Field Operators performing completions work employed by Coil Chem, LLC in the past 3 years who were paid a salary and a job bonus.

Second Amend. Compl., ¶ 14.

## STANDARD OF DECISION

Whether an employee may maintain a FLSA collective action depends on whether he is "similarly situated" to other members of the putative class. *See* 29 U.S.C. § 216(b). Although § 216(b) does not define the term "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination. *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Under this approach, the Court engages in a two-step process. First, it makes an initial "notice stage" determination on whether a plaintiff is "similarly situated," which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. *Thiessen*, 267 F.3d at 1102.

"By this determination, the court decides whether a collective action should be certified for purposes of sending notice of the action to potential class members." *Renfro v. Spartan Computer Services, Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) (citation omitted). "Plaintiffs need only show their positions are similar, not

identical, to the positions held by the rest of the collective class members." *Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1273, 1279 (D. Kan. 2012) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir.1996) (further citations omitted)). This standard is a very lenient one and typically results in certification for the purpose of notifying potential plaintiffs. *Renfro*, 243 F.R.D. at 432; *Hart v. Sandridge Energy, Inc.*, No. CIV-14-178-R, 2014 WL 2983358, at *2 (W.D. Okla. July 1, 2014). Ordinarily, the Court makes this determination fairly early in the litigation, before the parties complete discovery. *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004). In making this determination, the Court does not reach the merits of the plaintiff's claims. *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (citing *Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249, 262 (S.D.N.Y. 1997)).

Under the second step, usually initiated at the close of discovery, the Court utilizes a stricter standard of "similarly situated" which requires evaluation of several factors, including: (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Thiessen*, 267 F.3d at 1102-03.

## DISCUSSION

## I

"Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan." *Renfro*, 243 F.R.D. at 433-34 (citation omitted). In support of his allegations, Plaintiff provides declarations from himself and Chase Turner. The affidavits state:

- The workers were employed by Defendant as Field Operators;
- During the course of their employment, the majority of their time was spent performing technical and manual labor type duties;
- Defendant paid them a salary and various job bonuses, but never paid them overtime;
- Their duties as field operators included preparing various pieces of tools for deployment in the field, mixing fluids, and ensuring the equipment was in place according to specifications;
- To prepare the tools, they regularly worked in the shop, using their hands to clean, repair, and ready the tools;
- To deploy the tools, they unloaded them and began setting up fluid mixing units, connecting the fluid mixing unit to coiled tubing, flow lines or other well head connectors and they were often required to sleep in their trucks;
- Field Operators worked substantial overtime consisting of twelve-hour days, seven days a week, without compensation;
- All Field Operators positions were similar in their respective duties and received the same pay; and
- Other Field Operators are interested in joining this lawsuit.

Mot. at Exs. A-B. Given the allegations of the Complaint, Motion and supporting declarations, which suggest Plaintiff and the putative class maintained similar employment positions and did not receive overtime, Plaintiff has satisfied the low threshold required to demonstrate at the notice stage that all putative class members are similarly situated for purposes of conditional collective action certification under Section 216(b) of the FLSA. *See Renfro*, 243 F.R.D. at 434.

Defendant, however, argues certification is inappropriate because there was significant variation in the work performed by the putative class members and how they were paid, and thus an individualized analysis is required on the putative class' claims. Defendant also contends that if certification is granted, the proposed class should be narrowed. Lastly, Defendant contends Plaintiff's proposed notice (attached to Plaintiff's Motion for Conditional Certification as "Appendix 1") is defective in certain respects.

Defendant's first two objections are overruled. First, other than its conclusory assertions, Defendant has not presented evidence showing substantial variation among the job duties of putative class members. Second, as stated above, there is no requirement that Plaintiff's position be *identical* to the positions held by the rest of the collective class members; all that is required is a showing that Plaintiff's position is similar. *Garcia*, 890 F. Supp. 2d at 1279. Third, at this stage, the Court's role is not to evaluate the merits of Plaintiff's claim. Defendant's objections, in this regard,

are premature and should be considered at the second stage of the *ad hoc* analysis after completion of discovery. *See, e.g., Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1335-36 (M.D. Fla. 2007) ("[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage. … Defendant's arguments appear to be relevant to the application of various exemptions from the FLSA, which is more properly addressed after discovery is completed.") (internal citations omitted, paraphrasing in original).

## II

Defendant next argues the applicable statute of limitations for Plaintiff's FLSA claim is two years and thus the putative class should be narrowed to field operators employed by Defendant from May 4, 2014 to May 4, 2016, which represents two years from the date Plaintiff filed his initial complaint. Plaintiff, however, alleges Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern or practice of failing to pay Plaintiff and the class overtime compensation. *See* Second Amend. Compl., ¶ 45.[1] If he can prove that allegation, his claim – and those of all similarly situated field operators – is subject

---

[1] A violation of the FLSA is willful if the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. *Mumby v. Pure Energy Services (USA), Inc.*, 636 F.3d 1266, 1270 (10th Cir. 2011) (citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

to the FLSA's three-year statute of limitations. *See* 29 U.S.C. § 255(a). The limitations period is not tolled with respect to other potential plaintiffs unless and until they opt in to the case. *See id.* § 256(b). Accordingly, "in the interest of reaching all similarly situated potential plaintiffs," *Vaicaitiene v. Partners in Care, Inc.*, No. 04Civ.9125, 2005 WL 1593053, at *7 (S.D.N.Y. July 6, 2005), the Court overrules Defendant's objection and will grant the requested relief with respect to all field operators so employed within the last three years.

## III

Lastly, Defendant contends the proposed notice is defective in that (1) it does not adequately and completely inform potential plaintiffs of the effect of joining the case (i.e., that they may have to participate in discovery and may be liable for costs); (2) the notice does not contain the contact information for defense counsel and fails to inform potential plaintiffs that they may contact any attorney of their choosing to discuss the case; (3) the 60-day opt-in period is too long given the facts of the case; and (4) the notice does not prohibit Plaintiff's counsel from soliciting potential plaintiffs unless they have consented to such communication.

District courts have rejected Defendant's first argument, noting "it is not clear whether prevailing defendants can be awarded defense costs from plaintiffs seeking recovery under the FLSA, and such a notice may discourage plaintiffs from joining the litigation." *Martinez v. Cargill Meat Solutions*, 265 F.R.D. 490, 500 (D. Neb.

7

2009) (citations omitted). Moreover, a notice advising potential members that they may have to participate in discovery is equally dissuading and the Court denies Defendant's request in that regard. However, "Defendant's request to include defense counsel's contact information is … reasonable, and the notice should be so amended." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011). Accordingly, the notice here should be amended to include defense counsel's contact information.

Next, "courts have held that a sixty (60)-day period is sufficient for the return of Consent Forms." *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 85 (E.D.N.Y. 2008) (citations omitted). Accordingly, Defendant's objection on this issue is overruled. Lastly, Defendant has failed to present any persuasive argument or authority that warrants the inclusion of a prohibition on solicitation, and this request is, accordingly, denied.

## CONCLUSION

The Court finds as follows:

1. Plaintiff's Motion for Conditional Certification [Doc. No. 34] is **GRANTED** as set forth herein. This action is hereby conditionally certified as a collective action under 29 U.S.C. § 216(b) to include:

> *Field operators performing completions work employed by Coil Chem, LLC at any time between three years prior to April 25, 2017 and the present who were paid a salary and a job bonus.*

8

2. The parties are to confer and submit a revised Notice of Lawsuit in accordance with this Order within **seven (7) days**.

3. Defendant shall, within **ten (10) days** from the Court's order approving notice to potential class members, provide to Plaintiff's counsel, in computer readable format, the following information regarding all putative class members: full name; last known address(es) with city, state, and zip Code; any last known e-mail address(es) (non-company address if applicable); last known telephone number(s); beginning date(s) of employment; and ending date(s) of employment (if applicable).

3. Plaintiff shall, within **twenty (20) days** from the Court's order approving notice to potential class members, send a copy of the Court-approved Notice and Consent Form to the putative class members by First Class U.S. Mail and by email. Defendant shall be required to post the Notice and Consent Forms on all jobsites for **sixty (60) days** in an open and conspicuous location. Plaintiff's counsel may follow-up the mailed Notice and Consent Forms with contact by telephone of former employees or those putative class members whose mailed or emailed contact information is not valid.

4. The putative class members shall have **sixty (60) days** to return their signed consent forms to Plaintiff's counsel for filing with the Court. Defendant may then remove the posted Notice and Consent forms.

5.      **Twenty (20) days** after mailing the Notice and Consent Forms to potential class members, Plaintiff's counsel is authorized to mail and email a second, identical copy of the Notice and Consent Form to the putative class members, reminding them of the deadline for the submission of the consent forms.

6.      Plaintiff's Emergency Motion for Protective Order Prohibiting Ex Parte Communications With Plaintiffs and Class Members [Doc. No. 38] is **DENIED**. Courts in this circuit have held that "[o]nce conditional certification is granted, communications with the putative class are not prohibited 'where a party has not engaged in misleading, coercive, or otherwise abusive communications.'" *Stransky v. HealthONE of Denver, Inc.*, 929 F. Supp. 2d 1100, 1105 (D. Colo. 2013) (citing *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1227 (S.D. Ala. 2008); *Parks v. Eastwood Ins. Servs., Inc.*, 235 F. Supp. 2d 1082, 1085 (C.D. Cal. 2002)); *Foster v. Nova Hardbanding, LLC*, No. CV 15-1047, 2016 WL 4492829, at *7 (D.N.M. Apr. 20, 2016) (citing *Stransky*).

Plaintiff alleges Defendant has contacted putative class members and encouraged them to settle their cases by executing a release. On the present record, the Court finds Plaintiff has failed to demonstrate that Defendant's communications with the putative class members were misleading or coercive. The record does not show any misconduct by Defendant, its counsel or any other evidence to support Plaintiff's contention that Defendant's actions deterred putative class members from

participating in the collective action. Defendant's release does not willfully conceal any material information from putative class members. It concisely and accurately provides putative class members with basic information about the existence of a dispute and the nature of the issues therein. Nor is there any evidence Defendant threatened, intimidated or influenced any putative class members' decision to sign the document. Therefore, an order limiting communications between putative class members and Defendant is not warranted at this time. However, any type of communication with opt-in plaintiffs that is misleading, coercive or otherwise undermines the Court's approved notice may result in further action by the Court.

**IT IS SO ORDERED** this 25th day of April 2007.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE